UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HERBERT BERRY,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| **R CONSTRUCTION COMPANY, LLC,** § | | |
| § | | |
| *Defendant.* § | (Jury Trial Demanded) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Herbert Berry (Berry), complaining of and about R Construction Company, LLC ("R Construction" or "Defendant"), and in support shows as follows:

### I.   INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C §1981 for Defendant's unlawful employment practices on the basis of race and color.

### II.   PARTIES

2. Plaintiff, Herbert Berry, is a black African American male that resides in Houston County, Texas. Plaintiff at all relevant times was an employee of Defendant within the meaning of the applicable laws.

3. Defendant, R Construction Company, LLC is a Texas company conducting business in Texas. Defendant is an employer within the meaning of the applicable statutes and employs more than 15 regular employees. Defendant can be served through its register agent, Jennifer Fleck, at 800 Wilcrest Drive, Suite 360, Houston, Texas 77042, or wherever else she may

be found.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 as it arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C §1981.

5. This Court has jurisdiction over Defendant because Defendant is company formed under Texas law and Defendant has purposefully availed itself of the privilege of conducting business in the state of Texas. Defendant conducts business in Texas and has continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

6. The Southern District of Texas is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides in this district.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On February 14, 2019, Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). In that Charge, Plaintiff asserted that Defendant discriminated against him because of his race and color.

8. On January 19, 2021, Plaintiff received a Notice of Right to Sue from the EEOC. Plaintiff file this Original Complaint within 90 days of receiving the Right to Sue Notices from the EEOC.

### V. FACTS

9. Plaintiff began working for R Construction in August 2018 as a truck driver.

10. Prior to his termination on January 17, 2019, Plaintiff had never received a negative review or disciplinary write-up.

11. When he was hired, Plaintiff was told he would get a raise after 90 days on the job.

12. Plaintiff never received a raise but was told that other non-black drivers did get the promised raise.

13. When Plaintiff asked why he did not get a raise after his first 90 days on the job, the Defendant told him that it was because the price of oil dropped.

14. On January 16, 2019, Plaintiff and another driver, Robert Rogers (Black/African American), were each driving a truck and trailer to a disposal site.

15. Plaintiff and Rogers both missed a turn and decided to turn around in a parking lot.

16. The truck Rogers was driving went into a ditch when he was trying to pull into the parking lot to turn around.

17. Plaintiff knew there was no way for him to get Rogers' truck and trailer out of the ditch so he continued on to the disposal site with his load.

18. As Plaintiff drove to the disposal site he called their supervisor, Matt Williams (Caucasian) to tell him that Rogers was stuck in a ditch.

19. The next morning Williams called Plaintiff and asked him to come into his office for a write-up.

20. When Plaintiff arrived at Williams' office, the other driver Rogers was there as well. Williams terminated both Plaintiff and Rogers. Williams said they had violated company policy by damaging the truck/trailer by trying to pull it out.

22. Plaintiff and Rogers told Williams they had not tried to push or pull the truck out and had not caused any damage to the truck. Plaintiff told Williams that when he left the scene there was no damage to Rogers' truck. Despite Plaintiff's protests, Williams terminated his employment.

23. Later, Plaintiff was told by Rogers that it was in fact Williams and a third driver that damaged the truck after Plaintiff had left.

24. Rogers saw Williams get chains out of his personal truck and use them to try and pull Rogers' truck out of the ditch with a third company vehicle. Rogers claims this is how the truck was damaged.

25. Furthermore, non-black drivers employed by Defendant have had accidents that caused damage to company vehicles and those drivers were not terminated.

## VI.   CAUSE OF ACTION No. 1: RACE/COLOR DISCRIMINATION UNDER TITLE VII

26. Plaintiffs incorporate all allegations made above.

27. Title VII of the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 protects employees from discrimination based on race and color. 42 U.S.C. § 2000e-2(a).

28. Defendant intentionally discriminated against Plaintiff in violation of Title VII. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race and/or color within the meaning of the statute.

29. Defendant, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of race and/or color.

30. Defendant, by and through Defendant's agents, did not terminate non-black employees that damaged company vehicles. Moreover, it was Williams and not Plaintiff or Rogers that damaged the truck in question. Additionally, non-black employees received a raise after 90 days on the job.

31. Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of race and/or color with malice or with reckless indifference to the protected rights of

Plaintiff.

32. Defendant, by and through its agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to non-African American and non-black employees similarly situated in violation of Title VII.

## VII.   CAUSE OF ACTION NO. 2:
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C 1981

33. Plaintiffs incorporate all of the allegations made above.

34. Discrimination against an individual based on race is prohibited pursuant to 42 U.S.C. §1981.

35. Plaintiff is a black African American male and is covered under 42 U.S.C. §1981.

36. At all relevant times, Plaintiff was qualified for the position he held during his employment with Defendant.

37. Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of his race.

38. Defendant, by and through Defendant's agents, discriminated against Plaintiff with respect to the benefits, privileges, terms, and conditions of his employment in violation of 42 U.S.C. § 1981. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

39. Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the federally protected rights of the Plaintiff.

40. Defendant, by and through Defendant's agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to other non-African American employees similarly situated in violation of 42 U.S.C. § 1981.

## VIII. RESPONDEAT SUPERIOR AND RATIFICATION

41. Whenever in this complaint it is alleged that the Defendant, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## IX. DAMAGES

42. Plaintiffs seek monetary relief between $200,000 and $1,000,000.00.

43. As a direct and proximate result of Defendant's unlawful actions, Plaintiffs have sustained injuries and damages, which include, but are not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future; past and future lost wages and benefits; loss of employment capacity; past and future medical bills, and such other damages as will be more fully shown at trial and for which Plaintiffs specifically sues herein.

44. Plaintiffs would further show that the acts of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiffs. In order to punish Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiffs also seeks recovery from Defendant for exemplary damages.

## X. ATTORNEY'S FEE AND COSTS

45. Plaintiff is entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and 42 U.S.C §1988.

## XI.    JURY DEMAND

33.    Plaintiffs request a trial by jury on all issues that can be tried to a jury.

## XII.    PRAYER

WHEREFORE, premises considered, Plaintiffs prays that the Defendant be cited to appear and answer herein, and that upon a final trial, judgment be entered for the Plaintiffs against Defendant for:

a.    actual and consequential damages, including, but not limited to back pay (wages and benefits) and medical bills in the past and future;

b.    compensatory damages, including, but not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future;

c.    Punitive damages in an amount above the minimum jurisdictional limit of the Court;

d.    Reasonable attorney's fees, with conditional awards in the event of appeal;

e.    Pre-judgment interest at the highest rate permitted by law;

f.    Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g.    Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

h.    Such other and further relief, at law or in equity, to which Plaintiffs may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

By:  */s/Sara Richey*
    Sara Richey
    Federal Bar No: 1147425
    Texas Bar No.: 24068763
    3801 Kirby Dr., Suite 344
    Houston, TX 77098
    Tel. (713) 636-9931
    sara@therricheylawform.com